■ BANK OF NEW YORK FINANCIAL CORP., Respondent, v MITCHELL-B.J. LTD. et al., Defendants, and HELEN WINJE et al., Appellants. [634 NYS2d 486] —Order, Supreme Court, New York County (Walter Schackman, J.), entered August 1, 1995, which denied defendants-appellants' motion to dismiss the complaint on Statute of Limitations grounds, unanimously affirmed, without costs.

Plaintiff commenced an action in January 1995, against Helen Winje, a notary public, and her employer, Extebank, alleging that on February 13, 1991, Ms. Winje acknowledged the signature of defendant Henriette Shidlofsky on a joint guaranty of a factoring agreement, when in fact Ms. Shidlofsky was not the person who signed that document. Executive Law § 135 provides no limitations period for an action commenced pursuant to its provisions, and neither the CPLR nor any other statute specifically prescribes a limitations period for notarial misconduct. Therefore, CPLR 213 (1), which provides that "an action for which no limitation is specifically prescribed by law" must be commenced within six years, applies to the instant claim and the IAS Court properly denied the motion to dismiss. Concur—Sullivan, J. P., Ellerin, Wallach, Rubin and Mazzarelli, JJ.